FRED LINN AND LOUISE E. LINN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linn v. Commissioner
Docket No. 16145-82.
United States Tax Court
T.C. Memo 1984-324; 1984 Tax Ct. Memo LEXIS 353; 48 T.C.M. (CCH) 367; T.C.M. (RIA) 84324; June 25, 1984. Louise E. Linn, pro se. Brian Kawamoto, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for trial pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' 1978 Federal income *354 tax in the amount of $1,636. The only issue remaining for decision is whether or not petitioner Fred Linn, hereinafter petitioner, is entitled to certain claimed employee business expense deductions for travel, meals and lodging. At the time of filing their petition herein, petitioners were residents of Manteca, California. Prior to 1978 petitioner was employed Camay Drilling Company where he worked on a rig located in Bakersfield, California. Petitioner resided in Saugus, California. Sometime in late 1977, petitioner began working on an oil rig in the Geyser mountains located near Middletown, California. Petitioner during that time resided in Clearlake, California, in his trailer. Petitioner Louise E. Linn did not accompany her husband. Petitioner resided in his trailer until sometime in April 1978 when the oil rig was moved to another part of the Geyser mountains. Petitioner moved his trailer to Cloverdale, California, where he resided for approximately 6 weeks. After that petitioner returned to Clearlake since the rig was moved back to Middletown. From August to December of 1978, petitioner worked on a rig located in Button Willow, California, for the Monterey Drilling *355 Company. During this period petitioner lived in his trailer in Bakersfield, California. On approximately December 15, 1978, petitioner moved to Piru, California, and worked on a rig located in Oxnard, California. Throughout 1978 petitioner Louise E. Linn resided in Manteca. On their 1978 Federal income tax return petitioners deducted $8,854 as employee business expenses. This amount computed as follows: Meals and Lodging
$9,150
Automobile expenses (based on 13,200 miles)
2,244
Subtotal
$11,394
Employer's payment (not include in income tax
return)
2,540
$ 8,854
It is respondent's position that the claimed deductions do not constitute expenses incurred while away from home in the pursuit of a trade or business. Respondent's position is further that a portion of the claimed expenses have not been substantiated. Section 162(a)(2) allows a taxpayer to deduct certain living expenses paid or incurred while away from home in the pursuit of a trade or business. Thus, we must decide whether petitioner was "away from home in the pursuit of a trade or business" within the meaning of section 162(a)(2) while at the various job locations while working on oil *356 rigs. In order to consider the question of whether petitioner was "away from home" we must first determine where petitioner's home actually was. Generally, one's home for tax purposes is one's place of business rather than the location of a personal residence. , affg. in part and revg. in part ; . During the entire taxable year 1978 petitioner had no business connection with Manteca. There was no evidence presented of past employment or future prospects of employment in that area. Accordingly, it would be reasonable to conclude that petitioner's "tax home" was wherever he was working and not in Manteca. ; . Accordingly, petitioner was not "away from home" while working in various locations on oil rigs. Even if we were to find that petitioner was "away from home" while working in various locations during the taxable year in issue, petitioner has not established that his employment was temporary *357 rather than indefinite. In fact, petitioner Louise E. Linn testified that her husband did not know how long he would be working at any given job at any given time. While petitioners attempt to characterize this as "temporary" work, in fact, the employment fits in the "indefinite" category. See ; ; . [2]
Based upon the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Since we have decided this issue in favor of respondent we do not need to consider the secondary question of substantiation of the claimed amount.↩